CALEB R. PARKER *v.* JOHN H. HEWITT.

Interrogatories by defendant to the plaintiff, though sworn to be material to the defence, will be struck out, when evidently propounded only for delay.

APPEAL from the District Court for Ouachita, *Wilson*, J.
*Garrett*, for the plaintiff.
*Copley*, for the defendant and appellant.

Parker v. Hewitt.

MARTIN, J. This is an action against the maker of a promissory note, which expresses on its face, that it is for 'money which the plaintiff advanced to the defendant to *enter land* and which he *appropriated to his own use.*' The note is made payable to the plaintiff's order with ten per cent interest from the date.

The defendant pleaded as an exception that the note was not given as a negotiable instrument, but merely as an acknowledgment of a sum of money in deposit in the hands of the defendant, subject to future arrangement.

On the merits he averred that he owed nothing, and that the money was advanced for the purpose of locating two floats, the plaintiff agreeing to furnish the numbers of the land to be floated on, and to pay him the further sum of $520, which he has failed and refused to do, although the defendant avers he was ready to comply on his part. He then pleads the sum of $520 in reconvention. There was judgment for the plaintiff, and the defendant appealed.

An interrogatory was propounded by the plaintiff in his petition to the defendant touching the claim sued on, which was ordered to be answered on a particular day in open court, which the defendant did not answer. He propounded interrogatories in his answer in turn to the plaintiff, to which the counsel of the latter objected, and moved that they be stricken out, which motion and objections were sustained by the court, and the defendant's counsel took a bill of exceptions.

It does not appear that the court erred. The defendant acknowledged he had received the sum of money claimed, to be invested in lands for the plaintiff, but which he had applied to his own use.

The plaintiff resides in Georgia, and the district judge considered the interrogatories as a means of obtaining delay only. He had interrogated the plaintiff with a view of obtaining from him an acknowledgment that it was his fault that the money was not applied to his (the plaintiff's) object. Admitting this to be the case, the defendant was not relieved from the obligation of returning money which he acknowledged he had appropriated to his own use.

The execution of the note was admitted; and the defendant has failed to establish any of the matters set up in his defence.

*Judgment affirmed.*